# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROLANDO OCHOA,<br><br>          Petitioner,<br><br>     v.<br><br>MAURICE JUNIOUS,<br><br>          Respondent._____ / | 1:11-cv-01021-DLB (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DIRECTING CLERK OF COURT TO ENTER JUDGMENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 13] |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

## BACKGROUND

    Petitioner is currently in custody pursuant to the December 1, 2009, judgment of the Tulare County Superior Court in case numbers VCF213557 and VCF214185.

    The claims in the instant petition relate to the October 30, 2002, judgment of the Superior Court in case numbers CRF-01-80477, CRF-02-96909, and CRF-02-96947.[1]  Respondent

---

[1] On January 28, 2002, in case number CRF-01-80477, Petitioner pled no contest to statutory rape (Cal. Pen. Code, § 261.5), participation in an act of sexual penetration with a minor (Cal. Pen. Code, § 289(h)), and solicitation of a minor to use or sell a controlled substance (Cal. Health & Saf. Code, § 11380(a)).  (See Lodged Ex. Nos 2 & 3.)

Months later, Petitioner picked up, and pled no contest to, new criminal charges.  In case number CRF-02-96909, Petitioner pled no contest to occupant in vehicle with concealed firearm (Cal. Pen. Code, §12025(a)(3)), and admitted having a prior "strike" conviction.  In case number CRF-02-96947, Petitioner pled no contest to – among other things – felony possession of methamphetamine (Cal. Health & Saf. Code, § 11377(a)).  Petitioner also admitted having a prior "strike" conviction (Cal. Health & Saf. Code, § 11380, violation).  (See Lodged Ex. Nos 2 & 3.)

submits that Petitioner did not appeal or seek review of the October 30, 2002, judgment in any of the three cases. However, on August 27, 2003, the Superior Court, after being informed by the California Department of Corrections of discrepancies between the sentence imposed and the crimes listed, held a hearing and the trial court corrected the judgment as reflected in the minute order and abstract of judgment. There were no substantive changes made. (Lod. Ex. Nos 2 & 3.)

Petitioner was released from custody some time before November of 2008. However, he was arrested on new charges in case numbers VCF213557 and VCF214185. Petitioner pled guilty and was recommitted to prison in December of 2009.[2] (See Lod. Ex. No. 1.)

In January 2010, over six years after the hearing to correct the minute order and abstract of judgment on August 27, 2003, Petitioner filed habeas corpus petitions in the state courts challenging the October 30, 2002 judgment. The last of the state habeas petitions was filed in December of 2010, and denied in April of 2011.

Petitioner filed the instant petition for writ of habeas corpus on June 16, 2011. Respondent filed a motion to dismiss the petition as untimely on August 4, 2011. Petitioner filed

///

an opposition on August 18, 2011, and Respondent filed a reply on September 29, 2011. Petitioner filed a surreply on October 28, 2011.

---

On October 30, 2002, the trial court sentenced petitioner on all three cases, 80477, 96909, and 96947. In case number 80477, the court lifted the suspension of the six-year term for violation of California Health and Safety Code section 11380, and imposed concurrent two-year terms for violation of California Penal Code sections 261.5 and 289(h). In case number 96909, the court imposed a consecutive one year and four months term for violation of California Penal Code section 12025(a)(3), with a prior "strike" conviction. In case number 96947, the court imposed a concurrent one year and four months term for violation of California Health and Safety Code section 11377(a), with a prior "strike" conviction. (See Lodged Ex. Nos 2 & 3.)

[2] On August 5, 2009, in Tulare County Superior Court case number VCF213557, Petitioner pled no contest to receiving a stolen motor vehicle (Cal. Pen. Code, § 496(a)), reckless driving while evading a peace officer (Cal. Veh. Code, § 2800.2(a)), and unauthorized use of personal identifying information of another person (Cal. Pen. Code, § 530.5(c)). He also admitted an enhancement allegation that he had served a prior term for a prior felony conviction (Cal. Pen. Code, § 667.5(b)). On September 17, 2009, in Tulare County Superior Court case number VCF214185, Petitioner pled no contest to failure by a sex registrant to notify authorities of change of address (Cal. Pen. Code, § 290.013(a)). On December 1, 2009, the trial court imposed a prison sentence of six years, consisting of four years four months on the offenses in case number VCF213557, eight months in case number VCF214185, and one year on the prior prison term enhancement. On March 16, 2011, the California Court of Appeal affirmed the judgment in case numbers VCF213557 and VCF214185. (See Lod. Ex. No. 1.)

DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on June 16, 2011, and thus, it is subject to the provisions of the AEDPA.

///

///

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this instance, direct review became final on December 29, 2002-60 days after the judgment was entered on October 30, 2002. Cal. Rules of Court, rule 8.308(a). Therefore, the one year limitations period began on December 30, 2002, and absent tolling, was set to expire on December 30, 2003. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also

Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id. Even if it is assumed that the finality of the state appeal process is determined from August 27, 2003 (the date the abstract of judgment and minute order was corrected), the one year limitations period commenced on October 27, 2003, and ended on October 27, 2004. Thus, the instant petition is untimely under even the best case scenario.

      Petitioner contends that he was unaware of the illegal conviction until August of 2009 when he was told by the attorney representing him on the new offenses. Petitioner also contends that he is still suffering from the illegal convictions because he is required to register as a sex offender. Petitioner's arguments are without merit.

      It appears that Petitioner is claiming the trigger of § 2244(d)(1)(D) does not apply, because a later trigger date existed under § 2244(d)(1)(D), on a theory he only learned of the fact of the 2003 modification in August of 2009. (ECF No. 15 at 1.) However, the trigger date in § 2244(d)(1)(D) arises when there was knowledge, or should have been knowledge, of the facts. Petitioner has not demonstrated any facts showing he could not, with diligence, have learned of the 2003 order well before 2009.

      Subject matter jurisdiction under 28 U.S.C. §2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994). Once a petitioner's sentence has fully expired, there can be no challenge to that sentence as the petitioner is no longer "in custody" for purposes of federal habeas review. Maleng v. Cook, 490 U.S. 488, 492 (1989).

///

      The "in custody" requirement may be met even if the petitioner is not physically confined. Some instances include a petitioner on parole or probation, release pending appeal,

and participation in a mandatory alcohol rehabilitation program. <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 348-349 (1973) (release pending appeal); <u>Jones v. Cunningham</u>, 371 U.S. 236, 240-243 (1963) (parole); <u>Chaker v. Crogan</u>, 428 F.3d 1215, 1219 (9th Cir. 2005) (probation); <u>Dow v. Circuit Court of the First Circuit</u>, 995 F.3d 922, 923 (9th Cir. 1993) (mandatory alcohol rehabilitation program).

However, "the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." <u>Maleng</u>, 490 U.S. at 492. The mere requirement that an individual is required to register as a sex offender is not sufficient to meet Section 2254's "in custody" requirement. <u>Henry v. Lungren</u>, 164 F.3d 1240, 1242 (9th Cir. 1999).

First, even if Petitioner was not aware of the alleged "illegal convictions" until August of 2009, Petitioner had already been released several months earlier. Second, as just stated, the fact that Petitioner is required to register as a sex offender does not render him "in custody" for purposes of Section 2254.[3] Accordingly, Petitioner's arguments are without merit.

D.   <u>Tolling</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a

---

[3] In addition, the sole remedy to be afforded by the federal writ is ending unlawful current custody. <u>Bailey v. Hill</u>, 599 F.3d 976, 979-984 (9th Cir. 2010). Because Petitioner does not attack the judgment for which is actually in custody but rather seeks to eliminate a collateral consequence of the 2002 cases there is no jurisdiction to review the petition.

1 reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

There is no basis for statutory and/or equitable tolling of the limitations period.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition as untimely and for lack of subject matter jurisdiction is GRANTED;
2. The instant petition for writ of habeas corpus is DISMISSED with prejudice; and
3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:     **November 2, 2011**               /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE